UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
CARINE RASAMETRAIPOB,

                              Plaintiff,

    -v.-

MIMOUNE INC. d/b/a BXL Cafe,
and LAURENCE B. MICHIELS,

                            Defendants
-------------------------------------------------------------------X

Case No.

**COMPLAINT**

Plaintiff, Carine Rasametraipob (hereinafter, "Plaintiff"), by and through his undersigned attorney, Arthur H. Forman, hereby files this Complaint against defendants Mimoune Inc. d/b/a BXL Cafe, (the "Cafe") and Laurence B. Michiels, ("Michiels" and collectively with the Cafe, the "Defendants"), states as follows:

## NATURE OF THE ACTION

1. Plaintiff alleges that pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201 *et. seq.* ("FLSA"), he is entitled to recover from Defendants: (a) unpaid minimum wages, (b) unpaid overtime compensation, (c) liquidated damages, (d) prejudgment and post-judgment interest, and (e) attorneys' fees and costs.

2. Plaintiff further alleges that pursuant to New York Labor Law, he is entitled to recover from the Defendants: (a) unpaid minimum wages, (b) unpaid overtime compensation, (c) liquidated damages and civil penalties pursuant to the New York Labor Law and the New York State Wage Theft Prevention Act, (d) prejudgment and post-judgment interest, and (e) attorneys' fees and costs.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction under 28 U.S.C. §1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiff's State law claims under 28 U.S.C. §1367(a).

4. Venue is proper in this district pursuant to 28 U.S.C. §1391(b) and (c) because all, or a substantial portion of the events giving rise to the claims occurred in this district. Defendants operate their business in this district. Further, Plaintiff was employed by Defendants in this district.

*Plaintiff*

5. Plaintiff Carine Rasametraipob is an adult individual residing in Queens County, New York. Plaintiff worked as a cook at the Cafe from approximately June 2004 until on or about August 13, 2019.

*Defendants*

6. At all relevant times, Defendants own, operate or control a restaurant doing business under the trade name BXL Cafe, located at 125 West 43rd Street, New York, New York 10036.

7. Upon information and belief, Defendant, Mimoune Inc. is a domestic corporation organized and existing pursuant to the laws of the State of New York with its principal office located at 125 West 43rd Street, New York, New York 10036.

8. Defendant, Michiels is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period.

9. Defendant, Michiels is sued individually in his capacity as owner, officer and/or agent of the Cafe.

**FACTUAL ALLEGATIONS**

*Defendants Constitute Joint Employers*

10. Defendants operate a Belgium food restaurant located at 125 West 43rd Street, New York, New York 10036.

11. Defendant, Michiels possesses operational control over the Cafe, an ownership interest in the Café, and/or controls significant functions of the Cafe.

12. At all times relevant herein, Defendant, Michiels, possessed substantial control over working conditions at the Cafe, and over the policies and practices with respect to the

employment and compensation of Plaintiff.

13. Defendant Michiels determined the wages and compensation of the employees of the Cafe, including Plaintiff, and establishes or established the schedules of the employees, maintains employee records, and has or had the authority to hire and fire employees.

14. At all relevant times, Defendant Michiels was Plaintiff's employer within the meaning of the FLSA and New York Labor Law.

15. Defendants jointly employed Plaintiff and were employers within the meaning of 29 U.S.C. 201 *et seq.* and the New York Labor Law.

16. In each year from 2016 to 2019, the Café had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

17. In addition, upon information and belief, Defendants and/or their enterprise was directly engaged in interstate commerce. Numerous items that were used in the Cafe on a daily basis were goods produced outside of the State of New York, such as liquor, beer, meat, fish, and restaurant supplies.

*Plaintiff's Employment*

18. Plaintiff regularly handled goods in interstate commerce, such as meat, fish, vegetables, spices and condiments produced outside the State of New York.

19. Plaintiff's work duties required neither discretion nor independent judgment.

20. Throughout his employment with Defendants, Plaintiff regularly worked in excess of forty (40) hours per week. His regular schedule was to work six days per week, from Tuesday to Sunday, with Monday off. However, beginning in 2015, Plaintiff worked seven days per week for the six weeks each year the other cook was on vacation.

21. From the date Plaintiff was hired until approximately January 1, 2017, the Cafe did not serve breakfast. During this period of time, Plaintiff usually worked from 8:00 a.m. to 4:00 p.m. When he arrived for work each day at 8:00 a.m., Plaintiff would first do kitchen prep for lunch, making sauces, cut vegetables, and make soup. Later in the day, he would cook hamburgers, pasta, heat the sauces, and generally assist the chef in the kitchen. Approximately

twice per week, a customer would order food after 3:30 p.m., requiring Plaintiff to continue working until approximately 4:15 p.m., an average of 48.5 hours per week.

22. Beginning in 2017, the Cafe opened for breakfast. From on or about and approximately January 1, 2017, until his last day of employment, on or about August 13, 2019, Plaintiff arrived at work at 7:00 a.m. to clean the steam table, bake pastries and otherwise prep the kitchen for breakfast. During this period of time, Plaintiff would continue working until approximately 4:00 p.m. However, for approximately two days every week, Plaintiff worked until approximately 4:15 p.m., an average of 54.5 hours per week.

23. Throughout his employment with Defendants, Plaintiff was paid his wages partly by check and the rest in cash.

24. From the day he was hired until approximately January 1, 2019, Defendants paid Plaintiff a net weekly salary of $600.00, after taxes, for six days of work regardless of the number of hours Plaintiff worked.

25. From January 1, 2019, Defendants paid Plaintiff a gross weekly salary, including withholding taxes, of $825.00 for six days of work, regardless of the number of hours Plaintiff worked.

26. For six weeks in 2015 and 2016, Plaintiff also worked on Mondays from 8:00 a.m. to 4:00 p.m. For six weeks in 2017, 2018 and 2019, Plaintiff also worked on Mondays from 7:00 a.m. until 4:00 p.m. In addition to his weekly salary, Plaintiff was paid $100.00 for each of the six Mondays he worked in 2015, 2016, 2017 and 2018. In 2019, Plaintiff was paid an additional $120.00 for each of the six Mondays he worked.

27. Throughout his employment with Defendants, Plaintiff was not permitted to take a meal break. He could only eat while he worked.

28. Plaintiff was not required to keep track of his time, nor to his knowledge did the Defendants utilize any time tracking device such as punch cards, that accurately reflected his actual hours worked.

29.     Furthermore, although Defendants provided Plaintiff with a purported statement of wages with each payment of wages, the statement did not list his actual hours worked, overtime hours worked, or overtime rate as required by NYLL 195(3).

30.     No accurate notification, either in the form of current posted notices or other means, was ever given to Plaintiff regarding overtime and wages under the FLSA and NYLL.

31.     Defendants did not give any notice to Plaintiff of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

### *Defendants' General Employment Practices*

32.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff to work in excess of forty (40) hours a week without paying him appropriate minimum wage and overtime pay as required by federal and state laws.

33.     Plaintiff was victim of Defendants' common policy and practices which violated his rights under the FLSA and New York Labor Law by, *inter alia*, not paying him the wages he was owed for the hours he worked.

34.     Defendants' pay practices resulted in Plaintiff not receiving payment for all the hours he worked, resulting in Plaintiff's effective rate of pay falling below the required minimum wage rate.

35.     As part of their regular business practice, Defendants intentionally, willfully, and repeatedly harmed Plaintiff by engaging in a pattern, practice, and/or policy of violating the FLSA and the NYLL.

36.     Defendants engaged in their unlawful conduct pursuant to a policy of minimizing labor costs and denying employees, including Plaintiff, compensation by knowingly violating the FLSA and NYLL.

37.     Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff.

38. Defendants failed to post at the workplace, or otherwise provide to employees, required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

39. Defendants failed to provide Plaintiff with wage statements at the time of his payment of wages, containing the overtime rate of pay; the actual number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

40. Defendants failed to provide Plaintiff at the time of hiring, and whenever his rate of pay changed, a statement containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or loading allowances; the regular pay day designated by the employer; the name of the employer; and "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## **FIRST CAUSE OF ACTION**
### **VIOLATION OF THE MINIMUM WAGE PROVISION OF THE FLSA**

41. Plaintiff repeats and realleges all paragraphs above as though full set forth herein.

42. At all times relevant to this action, Defendants were Plaintiff's employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. §203(d). Defendants had the power to hire and fire Plaintiff, controlled the terms and conditions of his employment, and determined the rate and method of his compensation.

43. At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

44. Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. §203 (r-s).

45. In violation of 29 U.S.C. §206(a), Defendants failed to pay Plaintiff at the applicable minimum hourly rate.

46. Defendants' failure to pay Plaintiff at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. §255(a).

47. Plaintiff was damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
## VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

48. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

49. Defendants, in violation of 29 U.S.C. §207(a)(1), failed to pay Plaintiff overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

50. Defendants' failure to pay Plaintiff overtime compensation was willful within the meaning of 29 U.S.C. §255(a).

51. Plaintiff was damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION
## VIOLATION OF THE NEW YORK MINIMUM WAGE ACT

52. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

53. At all times relevant to this action, Defendants were Plaintiff's employers within the meaning of the N.Y. Labor Law §§ 2 and 651.  Defendants had the power to hire and fire Plaintiff, controlled his terms and conditions of employment, and determined the rates and methods of his compensation.

54. Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff less than the minimum wage.

55. Defendants' failure to pay Plaintiff the minimum wage was willful within the meaning of N.Y. Labor Law § 663.

56. Plaintiff was damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION
### VIOLATION OF THE OVERTIME PROVISIONS OF THE
### NEW YORK STATE LABOR LAW

57. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

58. Defendants, in violation of N.Y. Labor Law § 190 et seq., and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

59. Defendants failed to pay Plaintiff in a timely fashion, as required by Article 6 of the New York Labor Law.

60. Defendants' failure to pay Plaintiff overtime compensation was willful within the meaning of N.Y. Labor Law § 663.

61. Plaintiff was damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION
### VIOLATION OF THE NOTICE AND RECORDKEEPING
### REQUIREMENTS OF THE NEW YORK LABOR LAW

62. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

63. Defendants failed to provide Plaintiff with a written notice containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; and "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL § 195 (1).

64. As a result of the foregoing, Defendants are liable to Plaintiff in the amount of

$5,000.00, together with costs and attorneys' fees.

## SIXTH CAUSE OF ACTION
### VIOLATION OF THE WAGE STATEMENT PROVISIONS OF THE NEW YORK LABOR LAW

65. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

66. With each payment of wages, Defendants failed to provide Plaintiff with a statement listing each of the following: the overtime rate or rates of pay; the actual number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195 (3).

67. As a result of the foregoing, Defendants are liable to Plaintiff in the amount of $5,000.00, together with costs and attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendants by:

a. Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under the FLSA as to Plaintiff.

b. Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff.

c. Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff's compensation, hours, and wages;

d. Declaring that Defendants' violation of the provisions of the FLSA were willful as to Plaintiff.;

e. Awarding Plaintiff damages for the amount of unpaid minimum and overtime wages under the FLSA.;

f. Awarding liquidated damages for the amount equal to 100% of his damages for the amount of unpaid minimum and overtime wages under the FLSA pursuant to 29 U.S.C. §216(b).

g. Declaring that Defendants' violated the minimum wage provisions of, and rules and orders promulgated under the NYLL as to Plaintiff.

h. Declaring that Defendants' violated the overtime wage provisions of, and rules and orders promulgated under the NYLL as to Plaintiff.

i. Declaring that Defendants' violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiff's compensation, hours, and wages;

j. Declaring that Defendants' violations of the New York Labor Law were willful;

k. Awarding Plaintiff damages for the amount of unpaid minimum and overtime wages under the NYLL;

l. Awarding Plaintiff damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§ 198(1-b,) and 198 (1-d);

m. Awarding Plaintiff liquidated damages for the amount equal to one hundred percent (100%) of the total amount of minimum wage, and overtime compensation shown to be owed pursuant to NYLL §§ 198(1-a) and 663;

n. Awarding Plaintiff pre-judgment and post-judgment interest as applicable;

o. Awarding Plaintiff the expenses incurred in this action, including costs and attorneys' fees;

p. Providing that if any amounts remain unpaid upon the expiration of ninety days (90) following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent (15%), as required by NYLL § 198(4); and

Dated:  December 16, 2019
        Forest Hills, New York

_____/S/_____
ARTHUR H. FORMAN
90-20 Metropolitan Avenue
Forest Hills, New York 11375
(718) 268-2616
*Attorney for Plaintiff*