UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

CARINE RASAMETRAIPOB

                                        -Plaintiff,                         19 Civ. 11489 (JLC)

          -against-

MIMOUNE, INC. d/b/a BXL CAFÉ, LAURENCE B.
MICHIELS, and YVES MICHIELS,

                                        Defendants.
------------------------------------------------------------------X

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release (the "Agreement") is entered into by and between Plaintiff Carine Rasametraipob ("Plaintiff"), on one side, and Mimoune, Inc. d/b/a BXL Café ("BXL Café"), Laurence B. Michiels, and Yves Michiels (collectively "Defendants") on the other. Plaintiff and Defendants are collectively referred to in this Agreement as the "Parties."

**WHEREAS**, on December 16, 2019, Plaintiff, through his counsel, Arthur H. Forman, commenced an action against BXL Café and Laurence B. Michiels by filing a complaint (the "Complaint") in the United States District Court, Southern District of New York (the "Court"), Docket No. 1:19–cv–11489 (the "Action"), alleging, *inter alia*, that he worked for BXL Café; that he was not paid for all hours worked up to and in excess of forty hours per week; and that he was not provided with accurate wage statements;

**WHEREAS**, on August 5, 2020, Plaintiff, through his counsel, amended the Complaint by adding Yves Michiels as a Defendant to the Action;

**WHEREAS**, Plaintiff claims that, upon the facts alleged in the Complaint, he is entitled to recover from Defendants unpaid regular and overtime wages, statutory damages, liquidated damages, pre- and post-judgment interest, and attorneys' fees and costs pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), the New York Labor Law ("NYLL"), and the New York Wage Theft Prevention Act ("WTPA") (collectively, the "Claims");

**WHEREAS**, Defendants deny all material allegations asserted by Plaintiff in the Complaint, deny that Plaintiff is entitled to recover damages for any Claim asserted in the Complaint, have denied and continue to deny that they have violated any law, rule, or regulation, or committed any wrong whatsoever against Plaintiff, and state that at all times they paid Plaintiff all wages due;

1

WHEREAS, the purpose of this Agreement is to dismiss, with prejudice, the Action and to settle fully and finally, and forever compromise and discharge all Claims that Plaintiff has or may have against Defendants in the Action;

WHEREAS, the Parties have exchanged information related to the Claims in this Action, such as payroll and time records, such that they have adequate information to assess the appropriateness of this Agreement;

WHEREAS, the Parties, with counsel, negotiated in good faith and reached a settlement during a settlement conference with Magistrate Judge James L. Cott on September 22, 2020, and all Parties represent that this settlement is fair and reasonable under the circumstances presented herein;

WHEREAS, the Parties desire to resolve and settle the Action and the Claims in an amicable manner without the expense of further litigation;

NOW, THEREFORE, with the intent to be legally bound hereby, and in consideration of the mutual covenants and promises contained in this Agreement and for other good and valuable consideration, the sufficiency and receipt of which the Parties acknowledge, the Parties agree as follows, subject to Court approval pursuant to applicable provisions of federal, state, and/or local law:

1.    **Settlement Payment, Distribution and Payout**

a.    <u>Settlement Amount</u>. In full and final settlement of the Action, and in consideration for the release contained in Paragraph 2 of this Agreement, Defendants shall make a total payment of Forty Thousand Dollars and Zero Cents ($40,000.00) (the "Settlement Amount"). Of the Settlement Amount, $26,350.00 shall be paid to Plaintiff in the form of back wages and liquidated damages, $13,175.00 shall be paid to Plaintiff's counsel as attorneys' fees, and $475.00 shall be paid to Plaintiff's counsel as costs and disbursements (the "Allocations")

b.    <u>Payment to Plaintiff</u>. Defendants shall make an up-front payment to Plaintiff in the total amount of $16,350.00, consisting of one check in the amount of $13,175.00 for back wages, which will be subject to withholdings, for which a pay stub with a detail of all amounts withheld will accompany the check and thereafter a form W-2 will be issued, and one check for $3,175.00 for liquidated damages, for which a form 1099 will be issued, by no later than fifteen (15) days after the settlement has been approved by the Court.

Thereafter, Defendants shall make ten (10) equal monthly payments to Plaintiff of $1,000.00 each, in the total amount of $10,000.00, all of which shall be for liquidated damages, for which a form 1099 will be issued, beginning forty-five (45) days after the settlement has been approved by the Court, and thereafter on the same day of each subsequent month.

c.    <u>Payments to Plaintiff's Counsel</u>. Defendants shall pay Plaintiff's counsel a total of $13,650.00. Defendants shall make an up-front payment to Plaintiff's counsel in the amount of $8,650.00, consisting of $8,175.00 in attorneys' fees and $475.00 in costs and disbursements, by no later than fifteen (15) days after the settlement has been approved by the Court. These payments

shall represent attorneys' fees and costs, for which no withholdings will be made, and Forms 1099 will be issued.

Thereafter, Defendants shall make five (5) equal monthly payments to Plaintiff's counsel of $1,000.00 each, in the total amount of $5,000.00, all of which shall represent attorneys' fees and costs, for which no withholdings will be made, and Forms 1099 will be issued, beginning thirty (30) days after the last of the ten (10) monthly payments to Plaintiff as described in section 1(b) shall be due, and thereafter on the same day of each subsequent month

**d.** <u>Taxes</u>. For purposes of tax withholding, as set forth in Section 1(b) above, 50% of the payment to Plaintiff shall be deemed wage income subject to IRS Tax Form W-4 and 50% of the payment to Plaintiff shall be deemed non-wage income in the form of alleged liquidated damages and interest subject to IRS Tax Form W-9. Defendants shall deduct all appropriate and necessary taxes from the aforementioned wage payments and shall pay, separately from the Settlement Amount, the applicable employer's portion of the taxes due. Plaintiff shall be responsible for his own share of all taxes, interest, or penalties, if any, due as a result of the portion of the Settlement Amount he receives as payment under this Agreement. Defendants shall provide Plaintiff with all appropriate tax withholding statements, as required by law. Notwithstanding the foregoing, Plaintiff is not relying on any information provided by Defendants, its employees, or its attorneys concerning the tax consequences of payments made under this Agreement.

**e.** <u>Delivery of Checks</u>. All checks specified above shall be delivered to: Arthur H. Forman, Esq., 98-20 Metropolitan Avenue, Forest Hills, New York 11375.

**f.** <u>Default</u>. In the event any payment due under this Agreement is not received in the office of Plaintiff's counsel by the close of business on the date set forth in Sections 1(b) and 1(c) above, or any check given as payment is dishonored, Plaintiff's counsel shall notify Defendants' counsel, Hillary J. Raimondi, by electronic mail at <u>hraimondi@tlsslaw.com</u>. In the event Defendants fail to cure said late payment or dishonor any such check within ten (10) business days from service of said notice, they shall be in default, rendering Defendants and each of them jointly and severally liable for the sum of Fifty Thousand and 00/XX ($50,000.00) Dollars less any monies theretofore paid by Defendants (the "Default Amount") prior to the occurrence of such default under this Agreement, and Plaintiff and his counsel may enter judgment upon the confessions given hereunder without any further notice. Such liability shall be in lieu of all costs of collection, interest, attorneys' fees and other fees, but only to the extent they have accrued prior to the entry of judgment. The affidavits of confession of judgment, which are appended hereto as Exhibit "B," are incorporated by reference herein, and shall be held in escrow by Plaintiff's counsel and not released unless there is a default under this Agreement. After consultation with counsel, Defendants agree that this provision is not a penalty or forfeiture as a matter of New York State substantive contract law, and warrant that no such argument will be made under any circumstances in the future in opposition to any application for the entry of judgment or in support of any application to vacate judgment. It is also understood that this default provision was a *sine qua non* for extending the Defendants' time to make payment hereunder, and Plaintiff insisted upon this provision to ensure that payment of the Settlement Amount is given sufficient priority among the Defendants' other financial obligations.

     **g.**    <u>No Other Payments Due</u>.  Except as specifically provided in this Agreement, Plaintiff agrees that he is not entitled to any other payments for salary, benefits, wages, wage supplements, bonuses, allowances, compensatory time, severance pay, notice pay, vacations or holidays, accrued leave, paid leave, sick leave, or any other form or kind of payment or compensation from Defendants for any work he performed for Defendants during the relevant time period as defined in the Complaint and up until the date the Parties execute this Agreement.

**2.**    **Release of Wage and Hour Claims by Plaintiff**

     In consideration of the promises and actions of Defendants set out in this Agreement, and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, except for Defendant's obligations under this Agreement, Plaintiff hereby waives, releases, satisfies, and discharges, on his own behalf and on behalf of anyone who could claim by and through them, Defendants, including its officers, directors, shareholders, owners, members, agents, attorneys, insurers, representatives, successors, and assigns, of and from any and all claims for damages, salaries, wages, wage supplements compensation, statutory damages, fringe benefits, unlawful deductions, overtime compensation, minimum wages, unpaid wages, monetary relief, and any other benefits of any kind, earnings, back pay, liquidated, statutory, and other damages, interest, attorneys' fees, and costs, for the Claims and any other claim brought, or that could have been brought, relating to or arising from his work performed for Defendants or the facts that gave rise to the Action, under the FLSA, the NYLL, the WTPA, and/or any local, state, or federal wage statute, code, or ordinance including, but not limited to, the New York State Miscellaneous Wage Order, 12 N.Y.C.R.R. Parts 142 and 146.  Nothing contained in this release shall operate to prevent Plaintiff from providing truthful information to a governmental agency.  However, Plaintiff shall neither seek nor be entitled to recovery of any additional damages, monetary or otherwise, as a result of any charges or proceedings against Defendants for any claims that are the subject matters of the waivers and releases set forth herein.  Furthermore, this Agreement shall be deemed a full accord, satisfaction, and settlement of the claims settled, released, and waived herein, and shall constitute a sufficient basis for immediate dismissal of such claims by Plaintiff against Defendants except to the extent that Plaintiff seeks enforcement of the terms of this Agreement.

     In further consideration of the promises and actions of Defendants set out in this agreement, and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, Plaintiff further acknowledges that, except for Defendants' obligations under this Agreement, he has been fully compensated for all wages due, including all paid safe and sick leave wages and/or wage supplements to which he was or would have been entitled during the entirety of his employment with BXL Café pursuant to the New York City Paid Safe and Sick Leave Law, N.Y.C. Admin Code § 20-911 *et seq.*, and hereby waives, releases, satisfies, and discharges, on his own behalf and on behalf of anyone who could claim by and through them, Defendants, including its officers, directors, shareholders, owners, members, agents, attorneys, insurers, representatives, successors, and assigns, of and from any and all claims for damages, salaries, wages, wage supplements compensation, statutory damages, fringe benefits unlawful deductions, overtime compensation, minimum wages, unpaid wages, monetary relief, and any other benefits of any kind, earnings, back pay, liquidated, statutory, and other damages, interest, attorneys' fees, and costs, for any claims claim brought, or that could have been brought, relating to or arising from his work performed for Defendants or the facts that gave rise to the Action, under the under the New York City Paid Safe and Sick Leave Law, N.Y.C. Admin Code § 20-911

*et seq.* Plaintiff hereby agrees to withdraw any open complaints made to the New York City Department of Consumer affairs regarding the New York City Paid Safe and Sick Leave law, including the open matter numbered 2019-00375-ENF. Nevertheless, nothing contained herein in Section 2 of this Agreement shall apply to any application Plaintiff may make or may have made for Workers' Compensation benefits.

3. **Approval, Retention of Jurisdiction, and Dismissal**

    **a.**   <u>Approval of Settlement Agreement</u>. The Parties, through counsel, shall present a fully executed copy of this Agreement, along with the proposed Stipulation and Order of Dismissal with Prejudice (the "Order"), which is annexed as Exhibit "A," to the Court for review and approval. Counsel for the Parties shall cooperate and take all necessary steps to arrange for the Court's approval of the Agreement and entry of the Order.

    **b.**   <u>Retention of Jurisdiction</u>. The Parties hereby agree to the jurisdiction of the Court over the Action to enforce the terms of this Agreement and jointly request that the Court approve and "So Order" this Agreement.

4. **Non-Admission of Liability**

    The Parties recognize and agree that Defendants, as a part of this Agreement, do not admit any violation of law or any liability to Plaintiff or to anyone else as a result of or arising out of the matters set forth in the Complaint in the Action or that could have been raised in the Action, Plaintiff's employment relationship with Defendants, Plaintiff's separation of employment with Defendants, and/or otherwise.

5. **Attorneys' Fees and Costs**

    The Parties agree that, except as otherwise specifically set forth in this Agreement, each Party shall bear its own costs and attorneys' fees incurred in negotiating and preparing this Agreement and in connection with the Action.

6. **Applicable Law; Forum Selection**

    This Agreement shall be governed by and construed in accordance with the laws of the State of New York without reference to its conflicts or choice of laws principles. The Parties consent to the jurisdiction of the Court (*i.e.*, the United States District Court, Southern District of New York) for any litigation concerning or arising out of the terms of this Agreement or the Parties' performance of its terms. The Parties agree to request that the Court retain jurisdiction of the Action for the sole purpose of enforcing the terms of this Agreement. If the Court refuses or declines to exercise jurisdiction over any such litigation, the Parties consent to the jurisdiction of the Civil Court of the City of New York or the Supreme Court of the State of New York (depending on monetary value) in New York County.

### 7.    Execution in Counterparts; Facsimile Signatures; Force and Effect

This Agreement may be executed using scanned PDF or facsimile signatures, and in counterparts, with the same effect as if the signatures were original and made on the same instrument.  A copy of a Party's signature on this Agreement shall be acceptable in any action against that Party to enforce this Agreement.  Facsimile or electronic copies of this Agreement shall be deemed for all purposes to have the same force and effect as the original hereof.

### 8.    Plaintiff's Representations

Plaintiff represents and warrants that he has entered into this Agreement on his own free will and accord, not subject to coercion or undue influence.  Plaintiff further warrants that he is satisfied with the legal representation and services received from his attorney Arthur H. Forman, and believes that the Settlement Amount and the Allocations, as set forth above, represent a fair and reasonable compromise of the disputes in the Action.

Other than the Action and Plaintiff's complaint with the New York City Department of Consumer Affairs, No. 2019-00375-ENF, both of which Plaintiff has agreed to dismiss and/or withdraw subject to receipt of the Settlement Payment, Plaintiff represents that he has not commenced, maintained, or prosecuted any action, charge, complaint, grievance, or proceeding of any kind against Defendant, that none of the foregoing is currently pending in any court or before any administrative or investigative body or agency, and acknowledges that this representation constitutes a material inducement for the Parties to enter into this Agreement.

### 9.    Entire Agreement

Each Party acknowledges that, except as expressly set forth herein, no representations of any kind or character have been made by any other Party or parties, agents, representatives, or attorneys, to induce the execution of this Agreement. This Agreement constitutes a single integrated contract expressing the entire agreement of the Parties.  There is no other agreement or understanding, written or oral, expressed or implied, among the Parties concerning the subject matter set forth in this Agreement.

### 10.    Non-Waiver/No Modification

This Agreement cannot be modified or changed except by a writing signed by the Parties with specific reference to this Agreement.  No delay or omission by any Party in exercising any right(s) under this Agreement shall operate as a waiver of that or any other right.  A waiver or consent given by a Party on one occasion shall be effective only in that instance and shall not be construed as a bar or waiver of any right on any other occasion.  No provision of this Agreement may be waived except by a written instrument signed by the Party who is claimed to have waived a provision.

11. **Interpretation**

    **a.**   <u>Severability</u>.  In the event that any provision of this Agreement is held by any court of competent jurisdiction to be illegal or invalid, the validity of the remaining provisions shall not be affected; and, the illegal or invalid provisions shall be reformed to the fullest extent possible to be consistent with the other terms of this Agreement; and, if such provisions cannot be so reformed, they shall not be deemed to be a part of this Agreement.

    **b.**   <u>Captions and Headings</u>.  The captions or headings of the sections and paragraphs of this Agreement have been inserted for convenience of reference only and shall have no effect upon the construction or interpretation of any part of this Agreement

12. **Notices**

    Any provision of this Agreement that calls for notice to be sent to Plaintiff or Defendants, other than notice of default as set forth in Section 1(f), above, shall be sent via email, facsimile, messenger, overnight mail, priority mail or first-class mail, and shall be directed as follows, or to any other address designated in writing:

If to Plaintiff

Arthur H. Forman, Esq.
9820 Metropolitan Avenue
Forest Hills, New York 11375
Tel.: (718) 268-2616
mail@ahforman.com

If to Defendants:

Laurence Michiels
BXL Café
125 West 43rd Street,
Ground Floor
New York, New York 10036
mimoune156@yahoo.com

    All notices, requests, consents, and other communications hereunder shall be deemed to have been received either (i) if by hand, at the time of the delivery thereof to the receiving Party at the address of such Party's counsel set forth above, (ii) if made by facsimile transmission and/or email, at the time it was sent, (iii) if sent by overnight courier, on the next business day following the day such notice is delivered to the courier service, or (iv) if sent by priority mail or by first class mail, on the 5th business day following the day such mailing is made.  No other methods of delivery are valid other than those expressly set forth above.

13. **Signatures in Counterparts**

    This Agreement can be executed in any number of counterparts, each of which shall be taken to be one and the same instrument, for the same effect as if all Parties had the same signature page. A facsimile copy, or Adobe PDF, of any party's signature shall be deemed as legally binding as the original signatures.

14. **Plaintiff understands, represents, and agrees that he:**

    a.    has carefully reviewed all terms of this Agreement with his attorneys;

    b.    is, through this Agreement, releasing Defendants from any and all wage-and-hour claims, including the Claims, that Plaintiff may have against it relating to his employment with Defendants or his separation from employment with it;

    c.    knowingly and voluntarily agrees to all of the terms set forth in this Agreement;

    d.    knowingly and voluntarily intends to be legally bound by this Agreement;

    e.    was advised to consider the terms of this Agreement with counsel, and has consulted with counsel prior to executing this Agreement; and

    f.    is duly authorized and has full authority to execute this Agreement.

**Plaintiff:**

_____
Carine Rasametraipob

Dated: 10-24-2020

**Defendant:**

Mimoune, Inc. d/b/a BXL Café

By:_____

Title:_____

Dated:_____

**Defendant:**

_____
Laurence B. Michiels

Dated:_____

**Defendant:**

_____
Yves Michiels

Dated:_____

14,    Plaintiff understands, represents, and agrees that he:

    a,    has carefully reviewed all terms of this Agreement with his attorneys;

    b,    is, through this Agreement, releasing Defendants from any and all wage-and-hour claims, including the Claims, that Plaintiff may have against it relating to his employment with Defendants or his separation from employment with it;

    c,    knowingly and voluntarily agrees to all of the terms set forth in this Agreement;

    d,    knowingly and voluntarily intends to be legally bound by this Agreement;

    e,    was advised to consider the terms of this Agreement with counsel, and has consulted with counsel prior to executing this Agreement; and

    f,    is duly authorized and has full authority to execute this Agreement.

**Plaintiff:**

_____

Carine Rasametraipob

Dated:_____

**Defendant:**

Mimoune, Inc, d/b/a BXL Café

By:_____

Title:_____

Dated: 10/29/20

**Defendant:**

_____

Laurence B, Michiels

Dated: 10/29/20

**Defendant:**

_____

Yves Michiels

Dated: 10/29/20

8

EXHIBIT "A"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------X

CARINE RASAMETRAIPOB

                     Plaintiff,

        -v.-

MIMOUNE, INC. d/b/a BXL CAFÉ, LAURENCE B.
MICHIELS, and YVES MICHIELS,

                    Defendants.

------------------------------------------------------------------X

19 Civ. 11489 (JLC)

**STIPULATION OF
DISMISSAL WITH
PREJUDICE**

        **IT IS HEREBY STIPULATED AND AGREED** by and between the parties, through their

undersigned counsel, that this action, including all claims that were asserted herein, is hereby

dismissed with prejudice, and the parties are to bear their own costs and attorneys' fees except as

otherwise agreed upon between the parties;

        **IT IS FURTHER STIPULATED AND AGREED** that this Court shall retain jurisdiction

to enforce the settlement in this action;

        **IT IS FURTHER STIPULATED AND AGREED** that this Stipulation may be executed in

counterparts with scanned PDF or facsimile signatures treated as originals.


    TRAUB LIEBERMAN


By:_____Date_____
    Hillary J. Raimondi
    7 Skyline Drive
    Hawthorne, NY  10532
    (914) 347-2600

    *Attorneys for Defendants*

                                             _____Date_____
    Arthur H. Forman
    98-20 Metropolitan Avenue
    Forest Hills, New York 11375
    (718) 268-2616

    *Attorney for Plaintiff*


    **SO ORDERED:**


    _____
             U.S.M.J.

EXHIBIT "B"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
CARINE RASAMETRAIPOB

                                    Plaintiff,                    19 Civ. 11489 (JLC)

          -v.-

MIMOUNE, INC. d/b/a BXL CAFÉ, LAURENCE B.          **AFFIDAVIT OF**
MICHIELS, and YVES MICHIELS.                       **CONFESSION OF**
                                                   **JUDGMENT**

                                    Defendants.
------------------------------------------------------------------X

STATE OF NEW YORK    )
                     ) ss.
COUNTY OF _Orange_   )

          The undersigned, LAURENCE B. MICHIELS, being duly sworn, deposes and says:

          1.        I am an individual defendant and an owner of Defendant Mimoune, Inc. d/b/a BXL
Café. ("BXL Café") in the matter of *Carine Rasametraipob v. Mimoune Inc. d/b/a BXL Café, et
al.*, Case No. 19 Civ. 11489 (ALC) (JLC) brought in the federal district court in the Southern
District of New York (the "Action"). I am fully familiar with all the facts and circumstances recited
herein on personal knowledge, and I am duly authorized to make this Affidavit of Confession of
Judgment on behalf of myself and BXL Café.

          2.        BXL Café's principal place of business is located at 125 West 43rd Street, Frnt 1,
New York, New York 10036. I reside at 156 West 44th Street, Apt. 8, New York, NY 10036.

          3.        In connection with the Settlement Agreement and Release filed in the Action, which
is incorporated by reference and made a part hereof, I, on behalf of myself individually and on
behalf of BXL Café, hereby jointly confess judgment and authorize that judgment be entered
against Defendants Laurence B. Michiels and BXL Café, jointly and severally, and in favor of
Plaintiff, in the amount of $50,000.00, less any payments previously received by Plaintiff.

          4.        This Confession of Judgment is for a debt justly due or to become due to Plaintiff
and/or his attorney pursuant to the Settlement Agreement, which resolved the aforestated action
concerning certain wage and hour claims made by Plaintiff, Carine Rasametraipob under the Fair
Labor Standards Act and the New York Labor Law, and this confession was given as part and
parcel of the Settlement Agreement and Release in order to secure the Plaintiff in the event of
Defendants' uncured default in payment.

                          **[INTENTIONALLY LEFT BLANK]**

                                    2

4.      Judgment is not confessed with fraudulent intent, nor to protect the property of Defendants herein from creditors, or for the purpose of securing Plaintiff against a contingent liability, and is not an installment loan within the prohibition of CPLR § 3201.

_____          10/30/20
LAURENCE B. MICHIELS, Individually         Date

         MIMOUNE INC. d/b/a BXL Café

By:_____         10/30/20
         Laurence B. Michiels                   Date

STATE OF NEW YORK              }
COUNTY OF Orange               }ss:

On the ___30th___ day of  October in the year 2020 before me, the undersigned, personally appeared   LAURENCE B. MICHIELS   personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within Affidavit of Confession of Judgment and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.

_____
NOTARY PUBLIC

SARAH E SCOTT
Notary Public - State of New York
NO. 01SC6211841
Qualified in Orange County
My Commission Expires Sep 21, 2021



3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

CARINE RASAMETRAIPOB

                                Plaintiff,                       19 Civ. 11489 (JLC)

        -v.-

MIMOUNE, INC. d/b/a BXL CAFÉ, LAURENCE B.        **AFFIDAVIT OF**
MICHIELS, and YVES MICHIELS.                           **CONFESSION OF**
                                  Defendants.         **JUDGMENT**
-------------------------------------------------------------------X

STATE OF NEW YORK    )
                           ) ss.
COUNTY OF Orange   )

      The undersigned, YVES MICHIELS, being duly sworn, deposes and says:

      1.     I am an individual defendant in the matter of *Carine Rasametraipob v. Mimoune Inc. d/b/a BXL Café, et al.*, Case No. 19 Civ. 11489 (ALC) (JLC) brought in the federal district court in the Southern District of New York (the "Action"). I am fully familiar with all the facts and circumstances recited herein on personal knowledge.

      2.     I reside at 156 West 44th Street, Apt. 8, New York, NY 10036.

      3.     In connection with the Settlement Agreement and Release filed in the Action, which is incorporated by reference and made a part hereof, I hereby jointly confess judgment and authorize that judgment be entered against myself and in favor of Plaintiff, in the amount of $50,000.00, less any payments previously received by Plaintiff.

      4.     This Confession of Judgment is for a debt justly due or to become due to Plaintiff and/or his attorney pursuant to the Settlement Agreement, which resolved the aforestated action concerning certain wage and hour claims made by Plaintiff, Carine Rasametraipob under the Fair Labor Standards Act and the New York Labor Law, and this confession was given as part and parcel of the Settlement Agreement and Release in order to secure the Plaintiff in the event of Defendants' uncured default in payment.

                                         **[INTENTIONALLY LEFT BLANK]**

4.     Judgment is not confessed with fraudulent intent, nor to protect the property of Defendants herein from creditors, or for the purpose of securing Plaintiff against a contingent liability, and is not an installment loan within the prohibition of CPLR § 3201.

Yves Michiels

W. 30.20
Date

STATE OF NEW YORK                  }
COUNTY OF Orange .                  }ss:

On the   30th  day of  October in the year 2020 before me, the undersigned, personally appeared  YVES MICHIELS  personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within Affidavit of Confession of Judgment and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.



SARAH E SCOTT
Notary Public - State of New York
NO. 01SC6211841
Qualified in Orange County
My Commission Expires Sep 21, 2021

5